IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| FORAS TECHNOLOGIES LTD., <br><br> Plaintiff, <br><br> v. <br><br> VOLKSWAGEN AG, APTIV PLC, and VALEO SE f/k/a VALEO SA, <br><br> Defendants. | Case No. 2:23-cv-314-JRG |

**DEFENDANT VALEO SE'S MOTION TO STAY**

**TABLE OF CONTENTS**

I. Introduction ................................................................................................................. 1

II. Factual Background .................................................................................................... 2

    A. This Case Is In Its Early Stages ............................................................................... 2

    B. Multiple Post-Grant Proceedings Are Pending at the USPTO Involving the Asserted Patent .......................................................................................................... 2

III. Legal Standard ............................................................................................................. 3

IV. Argument ..................................................................................................................... 6

    A. A Stay Will Significantly Simplify or Eliminate Issues in this Litigation ............. 6

    B. The Stage of the Case Weighs in Favor of a Stay ................................................. 11

    C. Foras Will Not Suffer Any Undue Prejudice or Tactical Disadvantage from a Stay ................................................................................................................ 12

V. Conclusion ................................................................................................................. 13

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Arbor Glob. Strategies LLC v. Samsung Elecs. Co., Ltd.*,
    2021 WL 66531 (E.D. Tex. Jan. 7, 2021)............................................................................8, 12

*AT&T Services,Inc. v. Broadband iTV, Inc.*,
    IPR2021-00556, 2021 WL 3775154 (PTAB Aug. 25, 2021) ......................................................9

*Aylus Nets., Inc. v. Apple Inc.*,
    856 F.3d 1353 (Fed. Cir. 2017).................................................................................................10

*Celltrion, Inc. v. Genentech, Inc.*,
    IPR2018-01019, 2018 WL 5629316 (PTAB Oct. 30, 2018) ......................................................9

*Clinton v. Jones*,
    520 U.S. 681 (1997)....................................................................................................................3

*Communication Technologies, Inc. v. Samsung Electronics America, Inc.*,
    No. 2:21-cv-00444-JRG, 2023 WL 1478447 (E.D. Tex. Feb. 2, 2023) .......................... *passim*

*e-Watch Inc. v. Apple, Inc.*,
    2:13-cv-1061-JRG-RSP, 2015 WL 12915668 (E.D. Tex. Mar. 25, 2015) ...............................12

*Emed Techs. Corp. v. Repro Med. Sys. Inc.*,
    No. 2:15-cv-1167-JRG-RSP, 2016 WL 2758112 (E.D. Tex. May 12, 2016) ...........................5

*Ericsson Inc. v. TCL Commc'n Tech. Holdings, Ltd.*,
    No. 2:15-cv-00011-RSP, 2016 WL 1162162 (E.D. Tex. Mar. 23, 2016)..........................3, 4, 5

*Foras Technologies Ltd. v. Bayerische Motoren Werke AG, et al.*,
    No. 6:23-cv-00386-RP (W.D. Tex. Apr. 22, 2024) .............................................................4, 13

*Landis v. North Am. Co.*,
    299 U.S. 248 (1936)..................................................................................................................10

*NFC Tech. LLC v. HTC Am.*,
    No. 2:13-cv-1058-WCB, 2015 WL 1069111 (E.D. Tex. Mar. 11, 2015)........................ *passim*

*Norman IP Holdings, LLC v. TP-Link Techs., Co.*,
    No. 6:13-cv-384-JDL, 2014 WL 5035718 (E.D. Tex. Oct. 8, 2014)..................................7, 11

*Ramot at Tel Aviv University Ltd. v. Cisco Systems, Inc.*,
    No. 2:19-cv-00225-JRG, 2021 WL 121154 (E.D. Tex. Jan. 13, 2021)................................4, 5

*Resonant Systems, Inc. v. Samsung Electronics Co., Ltd.*,
   No. 2:22-cv-00423-JRG, 2024 WL 1021023 (E.D. Tex. Mar. 8, 2024) .......................5, 11, 13

*In re Rolls Royce Corp.*,
   775 F.3d 671 (5th Cir. 2014) ...............................................................................................10

*SEVEN Networks, LLC v. Apple Inc.*,
   No. 2:19-cv-00115-JRG, Dkt. 313 Order (E.D. Tex. Sept. 20, 2020) .......................................6

*Stingray Music USA, Inc. v. Music Choice*,
   No. 2:16-cv-00586-JRG-RSP, 2017 WL 985167 (E.D. Tex. Dec. 12, 2017) ......................4, 6

*Uniloc USA, Inc. v. Samsung Elecs. Am., Inc.*,
   No. 2:16-cv-642, 2017 WL 9885168 (E.D. Tex. June 13, 2017) .............................................7

*Veraseal LLC v. Wal-Mart Stores, Inc.*,
   2:17-cv-00527-JRG, 2018 WL 2183235 (E.D. Tex. May 11, 2018) ......................................12

*Veritas Technologies, LLC v. Realtime Data LLC*,
   IPR2017-00364, 2017 WL 2390871 (PTAB June 1, 2017) .....................................................9

*VirtualAgility Inc. v. Salesforce.com Inc.*,
   759 F.3d 1307 (Fed. Cir. 2014) .............................................................................................13

**Statutes**

35 U.S.C. § 101 .................................................................................................................................10

35 U.S.C. § 305 ...................................................................................................................................3

35 U.S.C. § 315(e) ........................................................................................................................8, 11

35 U.S.C. § 316 ...................................................................................................................................2

**Rules**

Fed. R. Civ. P. 21 ..............................................................................................................................10

I.      **INTRODUCTION**

Defendant Valeo SE f/k/a Valeo SA ("Valeo") moves to stay this litigation, or alternatively sever and stay the claims against Valeo, to conserve the Court's and parties' resources. Plaintiff Foras Technologies Ltd. ("Foras") asserts only U.S. Patent No. 7,502,958 ("the '958 Patent") in this case. As of March 20, 2024, all claims of the '958 Patent asserted against Valeo are under review by the Patent Trial and Appeal Board ("PTAB") in an instituted IPR. In this last week, Valeo also filed its own IPR petition—asserting the same ground as in this instituted IPR—as well as a motion to join that instituted IPR. Further, all claims of the '958 Patent are under review by the Central Reexamination Unit ("CRU") of the United States Patent and Trademark Office ("USPTO") in an *ex parte* reexamination and in that reexamination, all claims have been rejected in a non-final rejection.

Fact discovery just recently opened in this case and significant case milestones are months, if not more than a year, away. Invalidity contentions are not due until July 2024, claim construction deadlines do not begin until September 2024, fact discovery does not close until March 2025, and trial is not scheduled to begin until August 2025. A stay pending resolution of the post-grant proceedings at the PTAB and USPTO will significantly simplify or eliminate issues in this litigation that has barely begun. The PTAB instituted review of ***all claims*** asserted against Valeo while all other claims of the '958 Patent are additionally under review by the CRU. The instituted IPR has the potential of disposing of ***all*** claims and issues concerning Valeo in this litigation. Further, a stay will not unduly prejudice Foras because it sells no products, and any speculative harm can be remedied through monetary damages. A stay should be granted here to conserve the parties' and the Court's resources while the PTAB and CRU evaluate the claims of the '958 Patent in proceedings that are likely to reduce or eliminate entire issues in this litigation.

## II.   FACTUAL BACKGROUND

### A.   This Case Is In Its Early Stages

This case has barely begun.  While Foras filed its original Complaint against Valeo on June 28, 2023, Foras did not serve that Complaint on Valeo until November 27, 2023.  Dkts 1, 9.  Fact discovery just opened on April 15, 2024 and is not set to close until March 2025.  Dkt. 67 at 4-5. Not only is fact discovery not complete, it has barely started.  The parties have served no interrogatories and no depositions have occurred.  All major milestones in this case will occur months in the future: invalidity contentions are not due until July 2024, the claim construction process does not begin with the exchange of proposed terms for construction until September 2024, and the Court will not hold a *Markman* hearing until February 2025.  Dtk. 67 at 4.  The parties are far from starting expert discovery and dispositive motions, pre-trial deadlines, and trial (scheduled to begin in August 2025) are well into the future.  Dkt. 67.

### B.   Multiple Post-Grant Proceedings Are Pending at the USPTO Involving the Asserted Patent

All claims of the '958 Patent are subject to post-grant proceedings by the USPTO.  On March 20, 2024, the PTAB instituted an IPR of claims 1–8 and 13–22 of the '958 patent.  Ex. 1 (Institution Decision) at 2, 39.  This includes ***all*** claims Foras has asserted against Valeo in this case.[1]  Under 35 U.S.C. § 316, the PTAB must enter its Final Written Decision by March 20, 2025, long before trial will occur in this case.  While that IPR was filed by BMW of North America, LLC and Robert Bosch LLC ("BMW IPR", attached as Ex. 3), Valeo also has filed an IPR petition, asserting the same ground as in the BMW IPR, as well as a motion to join that already-instituted

---

[1] Foras asserts claims 1–6, 8, 19, and 20 against Valeo.  Ex. 2 (Foras' Disclosure of Asserted Claims and Infringement Contentions for Valeo) at 2.

2

IPR.  Ex. 4 (Valeo's IPR Petition) , Ex. 5 (Valeo's Motion for Joinder).  A chart summarizing the status of the instituted IPR challenge to the '958 patent is below:

| Case No. | Claims Challenged | Instituted Claims | Institution Date | Final Written Decision Date |
|---|---|---|---|---|
| IPR2023-01373 | 1–8, 13–22 | 1–8, 13–22 | March 20, 2024 | No later than March 20, 2025 |

Further, Unified Patents, LLC requested—and the USPTO's CRU ordered—reexamination of *all* claims of the '958 patent.  *See* Ex. 6 (CRU Order Granting Request for Reexam) at 25.  On March 19, 2024, the CRU issued its first Non-Final Office Action, rejecting all claims of the '958 patent.  *See* Ex. 7 (Non-Final Office Action).  Reexamination proceedings are conducted with "special dispatch within the Office" under 35 U.S.C. § 305, though there is no statutory deadline. A chart summarizing the EPR challenge to the '958 Patent is below:

| Re-examination Application No. | Claims Rejected by Non-Final Office Action | Non-Final Office Action Issue Date | Response to Non-Final Office Action Due Date | Re-examination Grant Date |
|---|---|---|---|---|
| 90/019,245 ('958 patent) | 1–25 | March 19, 2024 | May 19, 2024 | November 29, 2023 |

Thus, all of the claims of the '958 patent are presently subject to an instituted IPR and/or have been rejected in EPR.

### III. LEGAL STANDARD

"The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Ericsson Inc. v. TCL Commc'n Tech. Holdings, Ltd.*, No. 2:15-cv-00011-RSP, 2016 WL 1162162, at *1 (E.D. Tex. Mar. 23, 2016) ("A district court has the inherent power to control its own docket, including the power

3

to stay proceedings before it.") When evaluating whether to stay a case pending *inter partes* review, courts in this district consider three factors: (1) "whether the stay will likely result in simplifying the case before the court," (2) "whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set," and (3) "whether the stay will unduly prejudice the nonmoving party." *NFC Tech. LLC v. HTC Am.*, No. 2:13-cv-1058-WCB, 2015 WL 1069111, at *2 (E.D. Tex. Mar. 11, 2015). "A stay is particularly justified when the outcome of a PTO proceeding is likely to assist the court in determining patent validity or eliminate the need to try infringement issues." *Communication Technologies, Inc. v. Samsung Electronics America, Inc.*, No. 2:21-cv-00444-JRG, 2023 WL 1478447, at *1 (E.D. Tex. Feb. 2, 2023); *see also Ramot at Tel Aviv University Ltd. v. Cisco Systems, Inc.*, No. 2:19-cv-00225-JRG, 2021 WL 121154, at *2 (E.D. Tex. Jan. 13, 2021); *Stingray Music USA, Inc. v. Music Choice*, No. 2:16-cv-00586-JRG-RSP, 2017 WL 985167, at *2 (E.D. Tex. Dec. 12, 2017); *see also Ericsson*, 2016 WL 1162162, at *1 (citing *NFC Tech.*, 2015 WL 1069111, at *2).

Applying these factors, courts grant stays in circumstances like those here. *Foras Technologies Ltd. v. Bayerische Motoren Werke AG, et al.*, No. 6:23-cv-00386-RP, Dkt. 43 at 3-4 (W.D. Tex. Apr. 22, 2024) (Ex. 8) (granting stay of Foras' claims against BMW and Robert Bosch concerning the '958 Patent—the same patent at issue against Valeo—as every claim of the '958 Patent is under review either through IPR or EPR proceedings and where 9 of the 16 claims asserted against the defendants were instituted in the IPR, where "substantive milestones in th[e] case ha[d] not yet occurred" as the court only recently entered a scheduling order and held a case management conference and the *Markman* hearing was not scheduled until August 2024, the court did not yet rule on pending motions to dismiss nor issued any other substantive order, and where Foras would not suffer undue prejudice as it "does not produce products on its patents nor does it

4

compete with Defendants"); *see also Communication Techs., Inc. v. Samsung Electronics America, Inc.*, 2023 WL 1478447, at *2-4 (granting stay where all claims of the asserted patent were under PTO review, the close of fact discovery, the claim construction hearing and trial were all well in the future, and patent owner would not suffer undue prejudice as monetary damages were adequate); *Resonant Systems, Inc. v. Samsung Electronics Co., Ltd.*, No. 2:22-cv-00423-JRG, 2024 WL 1021023, at *2-4 (E.D. Tex. Mar. 8, 2024) (granting stay where IPR had been instituted on every asserted claim, the bulk of depositions were yet to occur, a *Markman* hearing had not yet been held, and where the plaintiff had not "identified any prejudice beyond the delay of the vindication of its patent rights and alleged entitlement to collect money damages [which] is not enough to show undue prejudice"); *Ramot at Tel Aviv University*, 2021 WL 121154, at *2 (granting a stay where all asserted claims were rejected in preliminary Office Actions in *ex parte* reexams and noting that "[w]hen claims are rejected in an *ex parte* reexamination proceeding, the patent owner can narrow, cancel, or submit new claims. Thus, the asserted claims that have been rejected in the reexamination proceedings are almost surely to be modified in some material way in response to their rejection, and they may be dropped completely. They will not likely stay as they were when this suit was filed. If the case were to proceed to trial on the current claims, there is a serious risk of wasted resources as to the parties and the Court" despite the stay coming "late in the progression of this case"); *Ericsson*, 2016 WL 1162162, at *3 (granting stay where IPRs had been instituted on all asserted claims, noting "it is likely that some or all claims will be invalidated" and "[t]o the extent claims are not invalidated, the IPR proceedings will likely remove prior art references from this case"); *Emed Techs. Corp. v. Repro Med. Sys. Inc.*, No. 2:15-cv-1167-JRG-RSP, 2016 WL 2758112, at *2-3 (E.D. Tex. May 12, 2016) (granting stay where IPRs had been instituted on all asserted claims); *Stingray Music USA, Inc. v. Music Choice*, No: 2:16-cv-00586-

JRG-RSP, 2017 WL 9885167, at *2 (E.D. Tex. Dec. 12, 2017) (granting stay where IPRs had been instituted on "every asserted claim save two, which suggests a substantial likelihood of simplification" and where plaintiff was not unduly prejudiced as a stay "would not diminish the monetary damages to which a successful infringement plaintiff is entitled"); *SEVEN Networks, LLC v. Apple Inc.*, No. 2:19-cv-00115-JRG, Dkt. 313 Order (E.D. Tex. Sept. 20, 2020) (severing and staying as to instituted claims for 9 asserted patents pending resolution of *inter partes* review proceedings, where "the pretrial conference is less than a month away and jury selection is less than six weeks away")  Ex. 9 (Order in *Seven Networks v. Apple*).

## IV.  ARGUMENT

The Court should stay this case because all factors favor a stay.  **First**, a stay will significantly simplify or eliminate issues in this litigation.  The PTAB has instituted *inter partes* review of ***all*** claims of the '958 Patent asserted against Valeo while the USPTO has ordered reexamination of, and has issued an Office Action rejecting, all claims (both asserted and unasserted against Valeo) of the '958 Patent.  These proceedings likely will reduce or potentially eliminate any burden parallel litigation would otherwise impose, conserving both party and judicial resources.  **Second**, this litigation is in its very early stages.  Discovery has only just opened, neither Valeo nor Foras have served any interrogatories, and the deadlines for invalidity contentions and the exchange of proposed claim terms for claim construction are months away.  **Third**, a stay will not unduly prejudice Foras because it sells no products.  Thus, any harm Foras may argue it would incur from a stay can be remedied through monetary damages.

### A.     A Stay Will Significantly Simplify or Eliminate Issues in this Litigation

"[T]he most important factor bearing on whether to grant a stay in this case is the prospect that the *inter partes* review proceeding will result in simplification of issues before the Court." *NFC Techs.*, 2015 WL 1069111, at *4.  A stay is "particularly justified where the outcome of the

[PTO proceeding] would be likely to assist the court in determining patent validity and, if the claims were canceled in the [PTO proceeding], would eliminate the need to try the infringement issue." *Norman IP Holdings, LLC v. TP-Link Techs., Co.*, No. 6:13-cv-384-JDL, 2014 WL 5035718, at *2 (E.D. Tex. Oct. 8, 2014). "Where the PTAB institutes *inter partes* review of every asserted claim, such tends to suggest a substantial likelihood of simplification." *Communication Techs., Inc. v. Samsung Electronics America, Inc.*, No. 2:21-cv-00444-JRG, 2023 WL 1478447, at *2 (E.D. Tex. Feb. 2, 2023); *see also Uniloc USA, Inc. v. Samsung Elecs. Am., Inc.*, No. 2:16-cv-642, 2017 WL 9885168, at *1 (E.D. Tex. June 13, 2017) ("[E]ven if the PTAB does not invalidate every claim on which it has instituted IPR, there is a significant likelihood that the outcome of the IPR proceedings will streamline the scope of this case to an appreciable extent."). This factor strongly favors a stay.

Here, all claims of the '958 Patent asserted against Valeo are currently under active PTAB review. And all other claims of the '958 Patent are under review by the USPTO in Unified Patents' EPR. Should the IPR (and EPR) result in cancelation of some or all of the claims, "either some portion of the litigation will fall away, or the litigation will come to an end altogether." *NFC Techs.*, 2015 WL 1069111, at *4. Indeed, with all claims of the '958 Patent that are asserted against Valeo being instituted in the BMW IPR, there is a potential of full resolution of the claims against Valeo.

Recent studies regarding success rates at the USPTO demonstrate why the stay requested here is likely to simplify the issues. Approximately 78.4% of the challenged claims of granted EPRs are invalidated or amended. Ex. 10 (*Ex Parte* Reexamination Filing Data) at 2.[2] All 25

---

[2] Available at https://www.uspto.gov/sites/default/files/documents/ex_parte_historical_stats_.pdf. The statistics show 1696 Certificates with all claims canceled. 8012 Certificates with claims

7

claims (including each of the 9 claims asserted against Valeo) of the '958 Patent are subject to EPR. Likewise, the PTAB's statistics show that in FY2023, the PTAB invalidated approximately 77.7% of claims in IPRs that reached final written decision. Ex. 11 (PTAB Trial Statistics) at 13.[3] With multiple grounds under review of the claims asserted against Valeo (the grounds in the EPR are different from those in the IPRs), "there is a strong likelihood that the [PTO proceedings] will result in cancellation of all asserted claims." *Communication Techs.*, 2023 WL 1478447, at *4; *see also Arbor Glob. Strategies LLC v. Samsung Elecs. Co., Ltd.*, 2021 WL 66531, at *3 (E.D. Tex. Jan. 7, 2021) ("institution on multiple grounds, as is the case here…show[s] a likelihood of invalidating every claim and satisfying the movant's burden"). Thus, a stay that allows for resolution of the pending IPR and EPR proceedings could significantly simplify, if not completely resolve, the instant case.

With Valeo filing an IPR[4]—asserting the same ground of unpatentability as in BMW's IPR—if the PTAB were to find some or all of the claims under review to be valid, under 35 U.S.C.

---

      changed, and 12383 Total *ex parte* reexamination certificates issued. S*ee* Ex. 10 (*Ex Parte Reexamination Filing Data*) at 2. These numbers yield: (1,696 + 8,012) / 12,383 = 78.4%.

[3]    Available at https://www.uspto.gov/sites/default/files/documents/ptab_aia_fy2023__roundup.pdf. The PTAB's statistics show 1,691 "Patentable" claims compared to 5,894 "Unpatentable" claims at Final Written Decision, after removing claims that were disclaimed or not considered due to settlement. *See* Ex. 11 (PTAB Trial Statistics) at 13. These numbers yield: 5,894 / (1,691 + 5,894) = 77.7%.

[4]    While Valeo's IPR petition is not yet instituted as it was filed April 18, 2024, the IPR petition to which it seeks to join—the BMW IPR—*has* been instituted. Further, Valeo's IPR petition sets forth the same ground against the same claims using the same prior art as the BMW IPR, Valeo will use the same expert and evidence as in the BMW IPR, and Valeo has agreed to take an understudy role in the IPR such that the schedule of the BMW IPR will not be affected. (Ex. 5 at 6-8). Under such circumstances, institution and joinder to an already-instituted IPR are granted. *See AT&T Services ,Inc. v. Broadband iTV, Inc.*, IPR2021-00556, 2021 WL 3775154, at *8 (PTAB Aug. 25, 2021) (granting joinder where petitioner challenged the same claims on the same grounds using the same prior art and evidence as the already-instituted IPR and explicitly agreed to take an understudy role); *Celltrion, Inc. v. Genentech, Inc.*, IPR2018-

§ 315(e), Valeo will be estopped from asserting invalidity defenses based on any ground raised or that reasonably could have been raised during the IPR. Even if the final written decision in the BMW IPR (and Valeo's IPR) as well as the EPR, does not result in cancelation of all the claims, the case will still be simplified even if only some of the claims are canceled and because Valeo will not assert that the claims are invalid on any ground raised or that reasonably could have been raised in the IPR proceedings. *See NFC Tech.*, 2015 WL 1069111, at *4. ("If the proceedings before the PTAB result in confirmation of the patent claims being asserted in court, the defendant will be estopped from challenging the validity of the claims on any ground that was, or could reasonably have been, asserted in the inter partes proceeding."). Thus, regardless of whether all asserted claims of the '958 Patent are invalid, the IPRs and EPR will surely narrow the scope of numerous claims at issue.

Staying this litigation safeguards judicial resources while providing the Court and parties with "the benefit of the expert agency's full and focused consideration of the effect of prior art on [a] patent[] being asserted in litigation." *NFC Tech.*, 2015 WL 1069111, at *4. The Court should stay this case and prevent the parties from unnecessarily expending further valuable resources—on invalidity contentions, claim construction,[5] fact discovery, expert discovery, summary judgment and trial—while the USPTO reviews the asserted claims. Moreover, Valeo has a pending motion to dismiss the patent claims as invalid under 35 U.S.C. § 101. (Dkt. 46). Should

---

01019, 2018 WL 5629316, at *6-7 (PTAB Oct. 30, 2018) (granting joinder when petitioner submitted a "copycat" petition and declaration, and agreed to take an understudy role in the proceedings); *Veritas Technologies, LLC v. Realtime Data LLC*, IPR2017-00364, 2017 WL 2390871, at *2-3 (PTAB June 1, 2017) (same).

[5] Any statements by Foras regarding claim scope in the PTO proceedings becomes part of the intrinsic record and may serve as disclaimer, meaning the Court might need to re-engage in claim construction should it issue a *Markman* order and Foras later narrows its claims during IPR or EPR. *See Aylus Nets., Inc. v. Apple Inc.*, 856 F.3d 1353, 1361 (Fed. Cir. 2017).

9

the Court stay the case pending the outcome of the IPRs and EPR, it may not ultimately have to rule on this motion. Instead, it could either avoid the motion altogether, or rule on a limited subset of claims depending on which (if any) claims survive IPR and EPR. This would simplify Valeo's motion to dismiss, and possibly dispose of it entirely, conserving judicial resources.

Valeo believes that the facts underlying this motion warrant a stay of the entire litigation as the pending IPRs and EPR will significantly simplify and eliminate issues that are applicable to both Valeo as well as Aptiv (the other active defendant in this case). However, Valeo also believes that severance and a stay of just the claims against Valeo, under Fed. R. Civ. P. 21, will also result in significant simplification and potential elimination of all Valeo-specific issues.[6] Foras asserts that Valeo infringes the '958 Patent based on *Valeo* products containing chipsets supplied by *Renesas* while Foras asserts that Aptiv infringes the '958 Patent based on *Aptiv* products containing chipsets supplied by *Infineon*. The infringement claims against Valeo and Aptiv are based on different products and concern chipsets supplied by different suppliers. Thus, if the claims against Aptiv were to proceed while the claims against Valeo were stayed, the Court need not worry of eventual duplication of efforts if the claims against Valeo were to proceed at a later date after a stay pending the IPRs and EPR. The infringement allegations against Aptiv and Valeo do not overlap. Different products, witnesses, facts, and third-party discovery will be needed with respect to each defendant. Further, because Valeo has agreed to 35 U.S.C. § 315(e) estoppel, any overlap of invalidity arguments would be minimal as well.

---

[6] A district court has broad discretion to sever any claim against any party. Fed. R. Civ. P. 21; *In re Rolls Royce Corp.*, 775 F.3d 671, 680 (5th Cir. 2014). If severance is warranted, a court may stay those claims pending resolution of the non-severed claims. *Landis v. North Am. Co.*, 299 U.S. 248, 354 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").

### B. The Stage of the Case Weighs in Favor of a Stay

Under this factor, "Courts often find the stage of litigation weighs in favor of a stay if there remains a significant amount of work ahead for the parties and the court, even when the parties and/or the court have already devoted substantial resources to litigation." *Norman IP Holdings*, 2014 WL 5035718, at *3. This case is just in its infancy. Not only is fact discovery not completed here, it has barely even started. While Foras has served its Infringement Contentions and the parties have exchanged Initial Disclosures (Dkt. 67 at 5-6), the parties have served no interrogatories and no depositions have occurred. The close of fact discovery is not until March 2025. Dkt. 67 at 4. Further, invalidity contentions are not due until July 2024 and the claim construction process does not begin with the exchange of proposed terms for construction until September 2024. Dkt. 67 at 5. The Court will not hold a Markman hearing until February 2025. Dkt. 67 at 4. The parties are far from starting expert discovery and dispositive motions, pre-trial deadlines, and trial are well into the future. "[T]he bulk of the expenses that the parties would incur in pretrial work and trial preparation are still in the future." *NFC Techs.*, 2015 WL 1069111, at *3; *see also Communication Techs., Inc. v. Samsung Electronics America, Inc.*, 2023 WL 1478447, at *2 (granting stay where the close of fact discovery, the claim construction hearing and trial were all well in the future); *Resonant Systems, Inc. v. Samsung Electronics Co., Ltd.*, No. 2:22-cv-00423-JRG, 2024 WL 1021023, at *2-4 (E.D. Tex. Mar. 8, 2024) (granting stay where the bulk of depositions were yet to occur and a *Markman* hearing had not yet been held).

Valeo has also "acted with reasonable dispatch in filing its petition[] for *inter partes* review" and "filing its motion for a stay." *NFC Techs.*, 2015 WL 1069111, at *3. Valeo filed its petition and motion to join the BMW IPR within one month after the BMW IPR was instituted, which is less than five months after service of Foras' original Complaint on Valeo and just a month after service of Foras' First Amended Complaint. Dkts. 9, 45. Moreover, Valeo seeks a stay just

11

days after it filed its IPR petition and motion to join BMW's IPR, which is also just a month after the institution of the BMW IPR and the CRU's first Non-Final Office Action rejecting all claims of the '958 Patent.

A stay at this stage would significantly conserve both judicial and party resources. Courts in this district have stayed cases pending PTO proceedings that are in a similar or more advanced procedural posture. For example, in *Veraseal LLC v. Wal-Mart Stores, Inc.*, the court recognized the benefits of a stay because "the patent claims have not yet been construed by the Court, and discovery is not yet complete." 2:17-cv-00527-JRG, 2018 WL 2183235, at *2 (E.D. Tex. May 11, 2018); *see also e-Watch Inc. v. Apple, Inc.*, 2:13-cv-1061-JRG-RSP, 2015 WL 12915668, at *3 (E.D. Tex. Mar. 25, 2015) (granting stay when "over three-and-a-half months remained within the fact discovery period"). This Court has even stayed cases pending PTO proceedings where the litigation was nearing trial. *See, e.g.*, *Arobor Glob. Strategies LLC v. Samsung Elecs. Co., Ltd.*, 2:19-cv-00333-JRG-RSP, 2021 WL 66531, at *3 (E.D. Tex. Jan. 7, 2021) (granting stay with only 3 months before trial). Thus, this factor also weighs strongly in favor of a stay.

      C.     **Foras Will Not Suffer Any Undue Prejudice or Tactical Disadvantage from a Stay**

A stay of this case pending the IPRs and EPR will not cause Foras undue prejudice or tactical disadvantage. Foras is a nonpracticing entity seeking only monetary damages. Dkt. 45, ¶¶ 36-37, Prayer for Relief. Courts repeatedly hold that delay in collecting monetary damages or enforcing patent rights does not amount to undue prejudice or tactical disadvantage. *See NFC Tech.*, 2015 WL 1069111, at *2 (noting that prejudice based on "delay in vindication of patent rights" is "not sufficient, standing alone, to defeat a stay motion"); *VirtualAgility Inc. v. Salesforce.com Inc.*, 759 F.3d 1307, 1318 (Fed. Cir. 2014) ("A stay will not diminish the monetary damages to which [the patentee] will be entitled if it succeeds in its infringement suit—it only

12

delays realization of those damages[.]"). Further, Foras does not compete with Valeo. Under similar circumstances, Courts hold that monetary relief provides adequate compensation for any alleged infringement. *See, e.g.*, *NFC Tech.*, 2015 WL 1069111, at *2 (finding no undue prejudice because "[Plaintiff] does not dispute [Defendant's] contention that it does not compete with [Defendant] and that monetary relief will be sufficient to compensate it for any injury to its patent rights."); *see also Communications Techs.*, 2023 WL 1478447 at *2 (finding no undue prejudice where monetary damages would provide adequate compensation for any alleged infringement); *Resonant Systems*, 2024 WL 1021023, at *4-5 (granting stay where plaintiff had not "identified any prejudice beyond the delay of the vindication of its patent rights and alleged entitlement to collect money damages [which] is not enough to show undue prejudice."). Indeed, a Western District of Texas court has already decided that Foras will suffer no undue prejudice as a result of a stay of claims involving the '958 Patent against other defendants. *See Foras Technologies Ltd. v. Bayerische Motoren Werke AG, et al.*, No. 6:23-cv-00386-RP, Dkt. 43 at 4 (W.D. Tex. Apr. 22, 2024) (Ex. 8). Further, Foras has had no problem with delay in the progress of this case. Despite filing its original Complaint on June 28, 2023, it did not serve Valeo with that Complaint until November 27, 2023. Dkts. 1, 9.

In contrast to Foras, Valeo will suffer undue prejudice without a stay by incurring the burden of continuing to defend against infringement allegations of patent claims that the PTAB and/or CRU are likely to invalidate. Without a stay, this case will advance toward trial, and the parties and the Court will continue to invest significant time and resources in preparing the case.

V. **CONCLUSION**

Valeo respectfully requests that the Court stay this case, or alternatively sever and stay the claims against Valeo, pending resolution of the IPR proceedings at the PTAB and the EPR proceeding at the USPTO against the '958 Patent.

13

Dated: April 23, 2024                                              Respectfully submitted,

                                              */s/ Russell E. Levine*
Russell E. Levine, P.C.
IL Bar No. 6193834 (admitted in E.D. Tex.)
russell.levine@kirkland.com
Kourtney Baltzer
IL Bar No. 6308539 (admitted in E.D. Tex.)
Kourtney.baltzer@kirkland.com
**KIRKLAND & ELLIS LLP**
300 North LaSalle Street
Chicago, IL 60654
Tel: (312) 862-2000
Facsimile: (312) 862-2200


Melissa R. Smith (TX SBN 00790553)
melissa@gillamsmith.com
**GILLAM & SMITH LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450

*Attorneys for Defendant Valeo SE f/k/a Valeo SA*

14

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rules CV-7(h) and (i), counsel for Valeo met and conferred with counsel for Foras as well as counsel for Aptiv. Aptiv is unopposed to Valeo's motion for a stay while Foras is opposed. Kourtney Baltzer, counsel for Valeo, spoke by teleconference with Brett Cooper, counsel for Foras, on April 22, 2024. The parties could not reach agreement as to a stay of the litigation at this time. Foras' counsel confirmed that Foras opposes the relief sought by this motion. Thus, this issue has come to an impasse requiring the Court's intervention.

                                                     */s/ Kourtney Baltzer*
                                                     Kourtney Baltzer

**CERTIFICATE OF SERVICE**

I hereby certify that on April 23, 2024, counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system.

                                                     */s/ Russell E. Levine*
                                                     Russell E. Levine, P.C.